■ WILLIE S. CRICHTON, Respondent, v VICTOR CRICHTON, Appellant.— Order, Supreme Court, New York County, entered October 20, 1978, denying defendant's motion for a modification of the alimony provisions of a divorce judgment, unanimously reversed, on the law and on the facts, without costs or disbursements, and the motion granted to the extent of directing a hearing before Shorter, J., on defendant's claim of changed circumstances. Order, Supreme Court, New York County, entered December 20, 1978, inter alia, denying defendant's motion to vacate a default on plaintiff's enforcement motion, unanimously modified, on the law, without costs or disbursements, to the extent of vacating the default and referring all other issues raised on the motion and cross motions, except the application for a wage attachment, to the Hearing Judge, and otherwise affirmed. Judgment, Supreme Court, New York County, entered January 26, 1976, granting plaintiff's motion for a money judgment for alimony arrears and counsel fees, unanimously reversed, on the law, without costs or disbursements, and the motion denied, without prejudice to renewal after the hearing. Order, Supreme Court, New York County, entered February 21, 1979, granting plaintiff's motion for a wage attachment, unanimously reversed, on the law, without costs or disbursements, and the motion denied, without prejudice to renewal after the hearing. The husband's motion for a modification of the alimony provisions of the divorce judgment on the ground of changed circumstances should have been referred to the original Trial Judge. At the very least, an issue was clearly posed as to whether alimony was to continue in the event plaintiff wife returned to full-time employment, as she did, within three months of the divorce. The trial court had found that plaintiff had been advised to restrict herself to part-time employment for at least a year. What effect that finding had on the fixation of alimony was entirely within the ken of the trial court. Thus, it was improvident of Special Term to undertake to decide the issue on the motion papers. Moreover, and in any

event, sufficient facts were shown to warrant a hearing on the claim of changed circumstances. Inasmuch as the husband's motion for modification was improperly determined, the orders and the judgment which followed are without factual or legal basis. Settle order. Concur—Sullivan, J. P., Bloom, Markewich and Ross, JJ.